UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:22-cr-255-VMC-TGW

21 U.S.C. § 846

EDWARD BARTON

## INFORMATION

The United States Attorney Charges

### COUNT ONE

Beginning on an unknown date, but not later than in or around October 2020 and continuing through on or about the date of this information, in the Middle District of Florida, and elsewhere, the defendant,

EDWARD BARTON

did knowingly and willfully conspire and agree with other persons, both known and unknown to the United States Attorney, to distribute and possess with intent to distribute a controlled substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

### FORFEITURE

1. The allegations contained in Count One is incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §

924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. §§ 846 and/or 841, thedefendant, EDWARD BARTON, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. The property to be forfeited includes, but is not limited to, the following:

    a. a Taurus, Model PT111, 9-millimeter pistol;

    b. a Glock, Model 43, 9-millimeter pistol;

    c. a Ruger, Model AR-556, 5.56-millimeter rifle;

    d. a Smith and Wesson, Model M&P Shield, 9-millimeter pistol;

    e. various rounds of Federal, Remington, Blazer, Winchester, Hornady, and PMC ammunition; and

    f. approximately $50,000 in U.S. currency, which was seized in his place of business.

4. If any of the property described above, as a result of any acts oromissions of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot bedivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

ROGER B. HANDBERG
United States Attorney

By: *(signature)*
Diego F. Novaes
Assistant United States Attorney

By: *(signature)* For:
Michael C. Sinacore
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section